

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

MAR 0 2 2020

AT_____ O'CLOCK_____

John M. Domurad, Clerk - Utica

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 3:18-CV-1099 (DNH/TWD) |
| POROUS MATERIALS, INC., | ) ) ) |
| Defendant. | ) ) ) ) |

### CONSENT DECREE

This action was filed on September 13, 2018 by Plaintiff Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, to correct employment practices made unlawful by Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and to provide appropriate relief to employees who were harmed by such practices. Specifically, EEOC alleged that Porous Materials, Inc. ("Defendant"), subjected Jessica Howard ("Howard") and other employees to an egregious hostile work environment based on sex, race, and national origin, including a former manager's unwanted sexual advances, xenophobic remarks, and a comment that Howard's husband should be working in a cotton field with a rope around his neck. EEOC further alleged that Howard was terminated in retaliation for complaining about the hostile work environment.

By entering into this Decree, Defendant does not admit or concede, expressly or impliedly, and in fact denies, that it has in any way violated Title VII, the New York State

Human Rights Law, or any other federal, state, or local law, statue, ordinance, regulation, rule or Executive Order, or any obligation or duty arising at law or in equity.

The EEOC and Defendants desire to amicably resolve and settle the instant controversy between them without further litigation. Therefore, the parties stipulate and consent to the entry of this Decree as final and binding between PMI and the EEOC, who are the signatories hereto, and their successors or assigns.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed, and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## GENERAL PROVISIONS

1.      EEOC and Defendant desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the parties.

2.      The Decree resolves all issues that were raised in this Complaint and EEOC Charge of Discrimination number 525-2016-00716, which served as the jurisdictional prerequisite in this case.  Those issues included Title VII sex discrimination against a class of female employees and Title VII national origin discrimination against a class of employees with a national origin other than the United States. This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendant in accordance with standard EEOC procedures, and to commence civil actions on any such charges.

3.      EEOC and Defendant agree that this Court has jurisdiction over the subject matter of this litigation and the parties, that venue is proper, and that all administrative prerequisites have been met.

4. No party will contest the validity of this Decree or the jurisdiction of the Court to enforce this Decree and its terms.

5. The terms of this Decree represent the full and complete agreement of the parties. The parties agree that this Decree may be entered without Findings of Fact and Conclusions of Law being made and entered by the Court.

6. Before Defendant engages in any transfer of its business or assets, it must provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendant may merge or consolidate.

7. Defendant will provide written notice to EEOC twenty-one (21) days before any transfer or sale of its business or assets. In the event of any transfer, the terms of this Decree will apply to the purchaser/transferee.

8. By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

9. If one or more provisions of this Decree are rendered unlawful, unenforceable, or incapable of performance as a result of a legislative act or a decision by a court of competent jurisdiction, the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful unenforceable, or incapable of performance, except to the extent that the intent of this Decree would be undermined.

10.    A material breach of any term of this Decree by Defendant will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if Defendant materially breaches any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

11.    If EEOC believes that Defendant has materially breached the terms of this Decree, EEOC will provide Defendant notification in writing as to the specific terms of this Decree breached and provide Defendant with a period not to exceed twenty-one (21) days to cure any breach or respond in writing as to why a breach has not occurred.  If EEOC believes that the Defendant has not fully cured any alleged breach, EEOC may bring enforcement proceedings to enforce this Decree under applicable federal law.  The Parties agree to cooperate in good faith to avoid litigation and to comply with the terms of this Decree. The cure period in this Paragraph does not apply to Defendant's payment obligations set forth in Paragraphs 38-51. The ten (10) day cure period set forth in Paragraph 52 applies to those payment obligations.

12.    All notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient if emailed and mailed to the following persons (or their designated successors):

For EEOC:

Daniel Seltzer
Trial Attorney
Equal Employment Opportunity Commission
New York District Office
daniel.seltzer@eeoc.gov
and decreemonitor.nydo@eeoc.gov
33 Whitehall Street, 5th Floor
Room 521
New York, NY 10004

For Defendant:

Michael W. Macomber
Partner
MMacomber@fedattorney.com
Tully Rinckey, PLLC
441 New Karner Road
Albany, New York 12205

13. Any party may change its email address and address by written notice to the other parties setting forth a new address for this purpose.

14. Days refers to calendar days.

15. The entry date of this Decree will be the date it is docketed by the Clerk of the Court after it is signed by and/or receives approval from the Court.

## INJUNCTIVE RELIEF

### Injunctions

16. Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from subjecting any employee to a hostile work environment based on sex, race, or national origin. This includes, but is not limited to, permitting, engaging in, or failing to take reasonable and effective care to prevent the use of racist, sexist, or anti-immigrant slurs, insults, and/or stereotypes; unwelcome sexual advances; and unwelcome comments about sexual desirability or sexual activity.

17. Defendant, its managers, officers, agents and any other person or entity acting on behalf of Defendant, are hereby enjoined from retaliating against any employee, including but not limited to an employee who complains of discrimination, who opposes practices she considers to be unlawfully discriminatory, who participates in protected activity, and/or who provides information related to complaints of discrimination.

### Postings

18. Within seven (7) days of entry of this Decree, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution" in all prominent places where employee notices are posted. A copy of the Notice of Resolution is attached as Exhibit A to this Decree. Within seven (7) days of posting, Defendant will provide a picture and certify in writing to EEOC that it has posted the Notice of Resolution.

19. Within seven (7) days of entry of this Decree, Defendant will email a copy of the Notice of Resolution to all employees. Within seven (7) days of sending, Defendant will certify in writing to EEOC that it has distributed the Notice of Resolution.

20. Within seven (7) days of entry of this Decree, Defendant will conspicuously post and maintain a poster that complies with 42 U.S.C. § 2000e-10 in all prominent places where employee notices are posted. Within seven days of posting, Defendant will provide a picture and certify in writing to EEOC that it has posted the poster.

<u>Revised Anti-Discrimination Policies and Practices</u>

21. Within fourteen (14) days of entry of this Decree, Defendant will retain Tully Rinckey PLLC to receive, investigate, and address complaints of harassment, other discrimination, or retaliation from Defendant's employees or applicants. Defendant must create a dedicated email address (EEOcomplaint@pmiapp.com), or a similar dedicated email if this address is ever compromised, to which employees may direct complaints about harassment, other discrimination, or retaliation. Any email sent to that email address must be immediately forwarded to Tully Rinckey PLLC to determine what, if any, action needs to be taken with respect to the aforementioned complaint.

22.    Defendant must, within twenty-four (24) hours of receiving any complaint (oral or written, formal or informal) of harassment, other discrimination, or retaliation, notify Tully Rinckey PLLC of that complaint.

23.    If Defendant wishes to have another counsel or entity replace Tully Rinckey PLLC with respect to the receipt of complaints detailed in Paragraphs 21 and 22, above, Defendant must provide the name of that counsel or entity to EEOC and obtain written approval from EEOC.

24.    Within twenty-one (21) days of entry of this Decree, Defendant will distribute (by email and in hard copy) a revised anti-discrimination policy (the "Policy") to each employee. The Policy is attached as Exhibit B to the Decree, but that attachment is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

25.    The Policy will be issued with a cover email and cover letter signed by Krishna Gupta outlining the Policy and affirming Defendant's commitment to maintaining a respectful work environment that is free of harassment, other discrimination, or retaliation. A copy of the cover email and letter is attached as Exhibit C to this Decree. Defendant will provide all new employees with copies of the revised Policy within seven (7) days of the commencement of their employment.

26.    If at any point the names, phone numbers, addresses, or email addresses of the people to whom employees may make complaints changes, Defendant will revise the Policy and distribute that revised Policy to all employees within seven days of making that change.

27.    Defendant may not modify its Policy without EEOC approval.

28.     Within thirty (30) days of entry of the Decree, and on an annual basis within thirty days of the anniversary of entry of this Decree thereafter, Defendant will certify in writing to EEOC that it has distributed the Policy, cover letter, and cover email to all employees in accordance with the above terms and include a list of employees to whom they were distributed.

Training

29.     Within thirty (30) days of entry of the Decree, and on an annual basis within thirty days of the anniversary of entry of the Decree thereafter, Defendant will have Paychex provide all owners, managers, supervisors, and human resources personnel with four (4) hours of live, interactive, in-person training regarding creating and maintaining a respectful workplace and laws prohibiting employment discrimination. The training must also cover Defendant's revised Policy with emphasis on the internal complaint, investigation, and remediation processes; supervisors' obligation to remedy and report any discrimination or harassment of which they become aware; and an employee's right to file a charge of discrimination with EEOC and state or local agencies. No later than 14 days before the first required training, Defendant must provide EEOC with the complete training materials. Defendant must receive EEOC approval before providing the first training. EEOC must also approve any changes to the training materials in subsequent years.

30.     Within thirty (30) days of entry of the Decree, and on an annual basis within thirty (30) days of the anniversary of entry of this Decree thereafter, Defendant will have Paychex provide all non-supervisory employees with two (2) hours of live, in-person training on maintaining a respectful workplace and employee's rights under antidiscrimination laws. The training must also cover Defendant's revised Policy with emphasis on the internal complaint, bystander intervention and complaints, investigation, and remediation processes; and an

employee's right to file a charge of discrimination with EEOC and state or local agencies. An initial training was conducted on February 12, 2020 that constitutes one (1) hour of this year's required training. No later than 14 days before each required training, Defendant must provide EEOC with the complete training materials. Defendant must receive EEOC approval before providing the first training. EEOC must also approve any changes to the training materials in subsequent years

31.     All employees attending any training session described in the above paragraphs will print and sign their full names on an attendance sheet. Within seven (7) days of the completion of any training described in the preceding paragraphs, Defendant will provide EEOC with copies of all attendance sheets; a current employee list; and a list of the employees, if any, who did not attend training as required.

32.     At least fifteen (15) days prior to the required trainings discussed above, Defendant will provide EEOC notice of the date, time, and location of the scheduled training. EEOC, at its discretion, may attend and observe one or more of the training sessions and may provide changes to be implemented by the trainer.

33.     Within thirty (30) days of any new employee hire or manager promotion or hire, he or she will be provided by Paychex with the applicable training described above, although the training need not be provided live or in-person.

34.     Six (6) months after entry of this Decree and every six (6) months thereafter, Defendant will provide EEOC with a list of all employees who began employment in the previous six months, the date employment began, and the date each received the applicable required training.

### Monitoring and Reporting

35. EEOC may monitor Defendant's compliance with this Decree through the inspection of Defendant's premises and records, and interviews with Defendant's officers, agents, employees, and contractors. Defendant will make available for inspection and copying any records related to this Decree upon request by EEOC.

36. Defendant will, within twenty-one (21) days of the receipt of any complaint (formal or informal, written or oral, internal or external) of discrimination or retaliation from any employee or applicant, provide a written report to EEOC including the name, home address, telephone number, and email address of the complainant; the name of the alleged harasser or discriminator; the name, home address, telephone number, and email address of any witnesses; a list of each step taken by Defendant during the investigation; a summary of the complaint; the results of the investigation of the complaint; any documents created or obtained in relation to the complaint or investigation, including but not limited to affidavits, witness statements, non-privileged interview notes, summaries, and electronic communications; and a description of any remedial action taken by Defendant.

37. Defendant agrees to maintain such records as are necessary to demonstrate its compliance with this Decree and 29 C.F.R. §1602 *et seq.* and to verify that the reports submitted pursuant to this Decree are accurate.

## MONETARY RELIEF

38. Defendant will pay the total gross sum of ninety-three thousand dollars ($93,000.00) in monetary damages to Jessica Howard and a class of aggrieved female employee employees and employees with a national origin other than the United States (collectively with Howard, "the Claimants"), in amounts designated by the EEOC.

39. Defendant will pay the $93,000.00 in installments as follows:

a. Defendant will pay $30,000.00 by April 15, 2020.

b. Defendant will then pay the remaining sixty-three-thousand dollars ($63,000.00) as follows:

   i. Defendant will make eight (8) $6,000 payments by the fifteenth of each subsequent month for eight (8) months. Thus, Defendant will make $6,000 payments by: May 15, 2020; June 15, 2020; July 15, 2020; August 15, 2020; September 15, 2020; October 15, 2020; November 15, 2020; and December 15, 2020.

   ii. Defendant will then make three (3) $5,000 payments by the fifteenth of each subsequent month for three (3) months. Thus, Defendant will make $5,000 payments by: January 15, 2021; February 15, 2021; and March 15, 2021.

40.     Each of the above payments will be made directly to Claimants by check. Some of these payments may be split between Claimants.

41.     Attached as Exhibit E to this Decree is a schedule (including dates and amounts) of Defendant's payments to specific Claimants. Defendant may not challenge that schedule.

42.     Within seven (7) days of Entry of the Decree, EEOC will email Defendant the addresses to which each check must be mailed via certified or other trackable mail by Defendant.

43.     Payment to all Claimants except Jessica Howard will be exclusively designated as compensatory damages. Along with each check, Defendant will mail an IRS FORM 1099. A copy of the check and IRS FORM 1099s will be provided to EEOC immediately upon their issuance.

44.     Payments to Jessica Howard will be apportioned between compensatory damages and back wages. The Schedule in Paragraph 41, above, includes this apportionment. Defendant may not challenge this apportionment. The compensatory damages portion will be treated as set forth in Paragraph 43, above. For the back wages portion, Defendant will make all required withholdings for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Defendant will be responsible for (and may not deduct from this payment) any tax obligation Defendant incurs from these payments, including the employer's share of federal payroll taxes. Along with the check for the back wages portion, Defendant will send an IRS FORM W-2. A copy of the check and FORM W-2 will be provided to EEOC immediately upon their issuance.

45.     If any portion of the payment due under this Decree to any Claimant is not issued and mailed in full within the period required plus the ten (10) day grace period set forth in Paragraph 52, below, then for each additional day beyond the ten-day grace period that the payment remains unpaid, Defendant must pay $40 to that Claimant.

46.     If any funds remain unclaimed, are returned for any reason, or are unable to be accepted by the person designated to receive them, such funds will be re-distributed to Claimants as determined solely by the EEOC. At no point will any of the payments or funds identified in the paragraphs above revert to Defendant.

47.     If EEOC determines that unclaimed, returned, or unaccepted funds should be re-distributed, Defendant will make that new payment and issue an accompanying IRS FORM 1099 within fourteen (14) days of receiving notice from EEOC.

48.     In consideration of the EEOC's agreement to permit deferred payment as provided in Paragraph 39, Krishna Gupta hereby grants to the EEOC his personal guaranty of the

payments set forth in Paragraphs 38-42, above. That guaranty is attached as Exhibit D to this Decree. That guaranty is to be paid by Krishna Gupta from his personal assets in the event any of the payments set forth in Paragraphs 38-42, above, is not timely made by Defendant.

49.    Krishna Gupta consents to the jurisdiction of this Court for enforcing this guaranty and any disputes thereunder and acknowledges that it is enforceable fully as to all outstanding payments set forth in this Decree, without further notice or action of any kind, if any of those payments is not timely made by Defendant.

50.    Any bankruptcy, reorganization or dissolution of Defendant (or any successor, assign, or other entity) will have no effect on the obligation of Krishna Gupta to make all payments due and owing under this Decree.

51.    EEOC is not required to first enforce against Defendant (or any successor, assign, or other entity) any liability, obligation, or duty guaranteed by Krishna Gupta before seeking enforcement against Krishna Gupta.

52.    EEOC agrees to provide Defendant with a ten (10) day cure period before seeking enforcement of the personal guarantee of Krishna Gupta.  Any payment not received on or by the date set forth in Paragraph 39 or the Schedule (Exhibit E) will be deemed "cured" if received by the EEOC no later than the tenth (10th) calendar day following the initial payment due date.

53.    EEOC need not join Defendant (or any successor, assign, or other entity) in any action to enforce any liability, obligation, or duty of Krishna Gupta's.

## MISCELLANEOUS PROVISIONS

54.    Each party will bear its own expenses, attorneys' fees, and costs.

55.     When this Decree requires a certification by Defendant of any fact(s), such certification must be made under oath or penalty of perjury by an officer or management employee of Defendant.

## DURATION OF THE DECREE

56.     This Decree will remain in effect for four (4) years from entry. The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

57.     If EEOC has notified Defendant in writing not less than fourteen days in advance of the expiration of this Decree that Defendant is not in compliance with any sections of this

Decree, Defendant's obligations under this Decree will remain in effect until EEOC determines that Defendant is in compliance.

58.     The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

## SIGNATURES

59.     Each signatory to this Decree represents that each is fully authorized to execute this Decree and to bind the parties on whose behalf each signs.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____
Jeffrey Burstein
Regional Attorney

Nora E. Curtin
Supervisory Trial Attorney

Daniel Seltzer
Trial Attorney
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

POROUS MATERIALS, INC.
Owner

_____
Krishna Gupta

Dated: Feb 28th , 2020

SO ORDERED this 2nd day of March , 2020.

_____
The Honorable David N. Hurd
United States District Judge



**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

# NOTICE TO ALL EMPLOYEES
# OF LAWSUIT & SETTLEMENT

This Notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought by the Equal Employment Opportunity Commission ("EEOC") against Porous Materials, Inc. in federal court in Binghamton, New York. In its lawsuit, EEOC alleged that Porous subjected employees to a hostile work environment based on sex, national origin, and race, and retaliated against an employee who opposed that hostile work environment. The harassment included a former manager's unwelcome sexual advances; comments about employees' bodies; a suggestion to an employee that her husband should be working in a cotton field with a rope around his neck, and then telling her to drink "Kool-Aid" when she became upset; xenophobic comments about hating immigrants and immigrants stealing American jobs; mocking and forbidding speaking non-English languages; and harsh, sex-based criticism of employee performance.

Federal law prohibits employers from discriminating against applicants and employees based on national origin, religion, race, color, sex, age, disability, or genetic information. Defendant, and its managers, officers, and agents, will support and comply with Federal law prohibiting discrimination and retaliation against any employee or applicant for employment.

Pursuant to the Consent Decree, Defendant:

1.    Is enjoined from engaging in harassment or other discrimination based on sex, national origin, or race, and from retaliating against any person who exercises his or her rights under federal anti-discrimination laws;

2.    Has retained Tully Rinckey PLLC to receive and investigate complaints of discrimination;

3. Has updated its written anti-discrimination policy to provide accurate and multiple reporting options.

4. Will provide Krishna Gupta, all current and future managers, and all current and future employees with training on respect in the workplace and federal laws prohibiting employment discrimination;

5. Will permit EEOC to monitor compliance with the Consent Decree;

6. Will report to EEOC regarding complaints of discrimination;

7. Will post and distribute this Notice and a notice required by law; and

8. Will pay $93,000 in money damages to employees who were subject to discrimination.

Should you have any complaints or questions regarding employment discrimination, contact the EEOC at:

Equal Employment Opportunity Commission
(800) 669-4000
Website: www.eeoc.gov

Dated:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This Notice must remain posted for four (4) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the Equal Employment Opportunity Commission at the number listed above.

## 12.2 EEO Statement and Nonharassment Policy

**Equal Employment Opportunity Policy**

Porous Materials Inc is committed to complying with all federal, state, and local equal employment laws. To that end, the Company is dedicated to maintaining a work environment that is free from harassment and discrimination on the basis of age, race, creed, color, national origin (including ancestry), religion, gender or sex, sexual orientation, pregnancy (including childbirth and related medical conditions), alienage or citizenship status (unless required by law), disability, marital status, partnership status, caregiver status, domestic violence victim status, familial status, military status, unemployment status, genetic information (including genetic characteristics), or any other protected status under federal, state, or local laws. The Company is dedicated to the fulfillment of this policy with respect to all aspects of employment, including, but not limited to, recruiting, hiring, placement, transfer, training, promotion, compensation, termination, and all other terms, conditions, and privileges of employment.

The Company will conduct a prompt and thorough investigation of all allegations of discrimination, harassment, or retaliation, or any violation of the Equal Employment Opportunity Policy in a confidential manner. The Company will take appropriate corrective action, if and where warranted. The Company prohibits retaliation against employees who provide information about, complain about, or assist in the investigation of any complaint of discrimination or violation of the Equal Employment Opportunity Policy.

We are all responsible for upholding this policy. You may discuss questions regarding equal employment opportunity with your supervisor or any other designated member of management.

**Policy Against Workplace Harassment**

Porous Materials Inc has a strict policy against all types of workplace harassment, including sexual harassment and other forms of workplace harassment based upon an individual's age, race, creed, color, national origin (including ancestry), religion, gender or sex, sexual orientation, pregnancy (including childbirth and related medical conditions), alienage or citizenship status (unless required by law), disability, marital status, partnership status, caregiver status, domestic violence victim status, familial status, military status, unemployment status, genetic information (including genetic characteristics), or any other protected status under federal, state, or local laws. All forms of harassment of, or by, employees, vendors, visitors, customers, and clients are strictly prohibited and will not be tolerated.

**Sexual Harassment**

The Company is committed to maintaining a workplace free from sexual harassment, which is unlawful and subjects the Company to liability. The Company prohibits any form of sexual harassment and all employees are required to work in a manner that prevents sexual harassment.

For additional information on sexual harassment, including how to file a claim, see the Sexual Harassment Policy.

## Other Harassment

Other workplace harassment is verbal or physical conduct that insults or shows hostility or aversion toward an individual because of the individual's age, race, creed, color, national origin (including ancestry), religion, gender or sex, sexual orientation, pregnancy (including childbirth and related medical conditions), alienage or citizenship status (unless required by law), disability, marital status, partnership status, caregiver status, domestic violence victim status, familial status, military status, unemployment status, genetic information (including genetic characteristics), or any other protected status under federal, state, or local laws.

Again, while it is not possible to list all the circumstances that may constitute other forms of workplace harassment, the following are some examples of conduct that may constitute workplace harassment:

- The use of disparaging or abusive words or phrases, slurs, negative stereotyping, or threatening, intimidating, or hostile acts that relate to the above protected categories;
- Written or graphic material that insults, stereotypes, or shows aversion or hostility toward an individual or group because of one of the above protected categories and that is placed on walls, bulletin boards, email, voicemail, or elsewhere on our premises, or circulated in the workplace; and
- A display of symbols, slogans, or items that are associated with hate or intolerance toward any select group.

## Reporting Discrimination and Harassment

If you feel that you have witnessed or have been subjected to any form of discrimination or harassment, immediately notify Dr. Krishna Gupta, Owner, (607) 257-5544/Krishna@pmiapp.com, the general manager, or any member of management. Complaints may also be filed via electronic mail at: EEOComplaints@pmiapp.com. Any complaint of discrimination sent to that email address will be received and reviewed by our legal counsel to determine, what, if any, appropriate steps need to be taken.

The Company prohibits retaliation against employees who provide information about, complain, or assist in the investigation of any complaint of harassment or discrimination.

We will promptly and thoroughly investigate any claim and take appropriate action where we find a claim has merit. To the extent possible, we will retain the confidentiality

of those who report suspected or alleged violations of the harassment policy.

Discipline for violation of this policy may include, but is not limited to, reprimand, suspension, demotion, transfer, and discharge. If the Company determines that harassment or discrimination occurred, corrective action will be taken to effectively end the harassment. As necessary, the Company may monitor any incident of harassment or discrimination to assure the inappropriate behavior has stopped.

### 12.3 Religious Accommodation

Porous Materials Inc is dedicated to treating its employees equally and with respect and recognizes the diversity of their religious beliefs. All employees may request an accommodation when their religious beliefs cause a deviation from the Company dress code or the individual's schedule, basic job duties, or other aspects of employment. The Company will consider the request, but reserves the right to offer its own accommodation to the extent permitted by law. Some, but not all, of the factors that will be considered are cost, the effect that an accommodation will have on current established policies, and the burden on operations — including other employees — when determining a reasonable accommodation. At no time will the Company question the validity of a person's belief.

If you require a religious accommodation, speak with your supervisor.

### 12.4 Sexual Harassment Policy

**Introduction**

Porous Materials Inc is committed to maintaining a workplace free from sexual harassment. Sexual harassment is a form of workplace discrimination. Sexual harassment is unlawful and subjects the Company to liability. The Company prohibits any form of sexual harassment and all employees are required to work in a manner that prevents sexual harassment in the workplace. This policy is one component of our commitment to a harassment-free and discrimination-free work environment.

You have the right to a workplace free from sexual harassment and can enforce this right by filing a complaint internally with the Company, with an administrative agency, or in a federal, state, or local court (if applicable).

**Policy**

- **Application.** This policy applies to all employees, applicants for employment, interns (paid or unpaid), and "non-employees," regardless of immigration status. A non-employee is someone who is (or is employed by) a contractor, subcontractor, vendor, consultant, or anyone providing services pursuant to a contract with the Company. Protected non-employees include persons commonly referred to as independent contractors, "gig" workers, and temporary workers.

Also included are persons providing equipment repair, cleaning services, or any other services pursuant to a contract with the employer.

- **Sexual Harassment Prohibited.** Sexual harassment is prohibited. Sexual harassment is a form of misconduct and will not be tolerated. All employees or other individuals covered under this policy who engage in sexual harassment will be subject to disciplinary action up to and including termination.

- **Retaliation Prohibited.** The Company will not take an adverse employment action against any person covered by this policy who in good faith reports an incident of sexual harassment, provides information about an incident of sexual harassment, or otherwise assists in an investigation of a sexual harassment complaint. The Company will not tolerate retaliation against anyone who, in good faith, reports or provides information about suspected sexual harassment. Anyone who retaliates against another individual involved in a sexual harassment investigation will be subjected to disciplinary action, up to and including termination. All employees, interns, or non-employees in the workplace who believe they have been subjected to such retaliation should inform their supervisor or Dr. Gupta. All employees, paid or unpaid interns, or non-employees who believe they have been a target of such retaliation may also seek relief in other available forums, as explained below.

- **Liability for Sexual Harassment.** Sexual harassment is offensive, is a violation of Company policy, is unlawful, and subjects the Company to liability to victims of sexual harassment. Sexual harassers may also be individually subject to liability. Any individual, including management, who engages in sexual harassment or who allows such behavior to continue, will be penalized for such misconduct.

- **Investigation of Sexual Harassment Claims.** The Company will conduct a timely investigation when management receives a complaint about possible sexual harassment or otherwise knows of possible sexual harassment occurring. The Company will keep the investigation confidential to the extent possible. The Company will take corrective action when sexual harassment is found to have occurred. All employees, including managers and supervisors, are required to cooperate with any investigation of sexual harassment.

- **Reporting Sexual Harassment.** All employees and any other individuals covered by this policy are encouraged to report any behavior or conduct that violates the Company sexual harassment policy. A complaint form is provided below.

- **Reporting for Managers and Supervisors.** Managers and supervisors are required to report any sexual harassment complaint that they receive and any sexual harassment that they observe to their manager or Dr. Gupta

## Definition of Sexual Harassment

Sexual harassment is a form of sex discrimination and is unlawful under federal, state, and (where applicable) local law. Sexual harassment includes harassment on the basis of sex, sexual orientation, self-identified or perceived sex, gender expression, gender identity, and the status of being transgender.

Sexual harassment means unwelcome conduct that is either of a sexual nature or that is directed at an individual because of that individual's sex when:

- Such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment, even if the complaining individual is not the intended target of the sexual harassment;
- Such conduct is made either explicitly or implicitly a term or condition of employment; or
- Submission to or rejection of such conduct is used as the basis for employment decisions affecting an individual's employment.

A sexually harassing hostile work environment consists of words, signs, jokes, pranks, intimidation, or physical violence that are of a sexual nature. Sexual harassment also consists of any unwanted verbal or physical advances, sexually explicit derogatory statements, or sexually discriminatory remarks made by someone that are offensive or objectionable to the recipient, that cause the recipient discomfort or humiliation, or that interfere with the recipient's job performance.

Unlawful sexual harassment is not limited to the physical workplace itself. It can occur while employees are traveling for business or at employer-sponsored events or parties. Calls, texts, emails, and social media usage by employees can constitute unlawful workplace harassment, even if they occur away from the workplace premises or not during work hours.

Sexual harassment also occurs when a person in authority tries to trade job benefits for sexual favors. This can include hiring, promotion, continued employment, or any other terms, conditions, or privileges of employment. This is called "quid pro quo" harassment.

Sexual harassment can occur between any individuals, regardless of their sex or gender.

Although it is not possible to identify every act that constitutes sexual harassment, the following are some examples:

- Physical acts of a sexual nature, such as:
  - Touching, pinching, patting, grabbing, brushing against another employee's body or poking another employees' body; or
  - Rape, sexual battery, molestation, or attempts to commit these assaults.
- Unwanted sexual advances, requests, or propositions, such as:
  - Requests for dates after being informed that interest is unwelcome;
  - Offers of employment benefits such as promotions, favorable evaluations, favorable duties, or shifts in exchange for sexual favors;
  - Requests for sexual favors accompanied by implied or overt threats concerning the victim's job performance evaluation, a promotion, or other job benefits or detriments; or

- o Subtle or obvious pressure for unwelcome sexual activities.
- Sexually oriented gestures, noises, remarks, jokes, or comments about a person's sexuality, sexual experience, sexual behavior, or physical appearance, which create a hostile work environment.
- Sex stereotyping occurs when conduct or personality traits are considered inappropriate simply because they may not conform to other people's ideas or perceptions about how individuals of a particular sex should look or act.
- Sexual or discriminatory displays or publications anywhere in the workplace, such as displaying emails, pictures, posters, calendars, graffiti, objects, promotional material, reading materials, or other materials that are sexually demeaning or pornographic (this includes sexual displays on workplace computers or cell phones and sharing these displays while in the workplace).
- Hostile actions taken against an individual because of that individual's sex, sexual orientation, gender identity, and the status of being transgender, such as:
  - o Interfering with, destroying, or damaging a person's workstation, tools, or equipment, or otherwise interfering with the individual's ability to perform the job;
  - o Sabotaging an individual's work; or
  - o Bullying, yelling, or name-calling.

## Retaliation

Unlawful retaliation can be any action that could discourage a worker from coming forward to make or support a sexual harassment claim. Adverse action need not be job-related or occur in the workplace to constitute unlawful retaliation (for example, threats of physical violence outside of work hours).

The Company prohibits retaliation against an employee who engages in "protected activity," which occurs when an employee has:

- Filed a formal complaint of sexual harassment either internally with the Company or externally with an administrative agency or a court of law;
- Testified or assisted in an administrative or court proceeding involving sexual harassment;
- Opposed sexual harassment by making a verbal or informal complaint to management or by informing a supervisor or manager of harassment;
- Complained that another employee has been sexually harassed; or
- Encouraged a fellow employee to report harassment.

The Company anti-retaliation provision is not intended to protect persons making intentionally false charges of sexual harassment.

## Reporting Sexual Harassment

Preventing sexual harassment is everyone's responsibility. The Company cannot prevent or remedy sexual harassment unless we know about it. Reports of sexual harassment may be made verbally or in writing. If you believe you have been subjected

to sexual harassment, or if you witness or become aware of potential instances of sexual harassment, complete a complaint form (at the end of this policy) and submit it to your supervisor. If you are reporting sexual harassment on behalf of other employees, use the complaint form in this policy and note you are reporting on another's behalf.

Complaints may be filed via electronic mail at: EEOComplaints@pmiapp.com. Any complaint of discrimination sent to that address will be received and reviewed by our legal counsel to determine, what, if any, appropriate steps need to be taken.

## Supervisory Responsibilities

Supervisors and managers who receive a sexual harassment complaint or who observe sexual harassment are required to report that complaint or observation to their manager or Dr. Gupta. Supervisors and managers who knowingly allow sexual harassment to occur and fail to report the sexual harassment will be subject to disciplinary action up to and including termination.

Supervisors and managers will also be subject to discipline for engaging in retaliation against anyone who reports sexual harassment.

## Investigation of Sexual Harassment Complaints

All complaints or information about sexual harassment will be investigated, whether that information was reported in verbal or written form. Investigations will be conducted in a timely manner and will be confidential to the extent possible.

An investigation of any complaint, information, or knowledge of suspected sexual harassment will be prompt and thorough, will commence immediately, and will be completed as quickly as possible. All persons involved, including complainants, witnesses, and alleged harassers will be accorded due process, as outlined below, to protect their rights to a fair and impartial investigation.

Any individual may be required to cooperate as needed in an investigation of suspected sexual harassment. The Company will not tolerate retaliation against employees who file complaints, support another's complaint, or participate in an investigation regarding a violation of this policy.

While the process may vary from case to case, investigations will generally include the following steps:

- Upon receipt of complaint, management will conduct an immediate review of the allegations and take any interim actions (such as instructing the respondent to refrain from communications with the complainant), as appropriate. If the complaint is verbal, you will be encouraged to complete the Complaint Form in writing. If you refuse, the Company may prepare a Complaint Form based on the verbal reporting.

- If documents, emails, or phone records are relevant to the investigation, the Company will take steps to obtain and preserve them.
- The Company will request and review all relevant documents, including all electronic communications.
- The Company will interview all parties involved, including any relevant witnesses.
- The Company will create a written documentation of the investigation (such as a letter, memo, or email) containing the following:
    o A list of all documents reviewed, along with a detailed summary of relevant documents;
    o A list of names of those interviewed, along with a detailed summary of their statements;
    o A timeline of events;
    o A summary of prior relevant incidents, reported or unreported; and
    o The basis for the decision and final resolution of the complaint, together with any corrective action(s).
- The Company will keep the written documentation and associated documents in a secure and confidential location.
- The Company will promptly notify the individual who reported and the individual(s) about whom the complaint was made of the final determination and implement any corrective actions identified in the written document.
- The Company will inform the individual who reported of the right to file a complaint or charge externally as outlined in the next section.

**Legal Protections and External Remedies**

Sexual harassment is not only prohibited by the Company but also by federal, state, and local law. In addition to our internal process, employees may choose to pursue legal remedies with the administrative agencies listed next.

**Equal Employment Opportunity Commission (EEOC)**

The EEOC enforces federal antidiscrimination laws. Complaints can be filed with the EEOC within 300 days of the harassment. There is no cost to file a complaint with the EEOC. The EEOC will investigate the complaint and determine whether there is reasonable cause to believe that discrimination has occurred and will issue a "right to sue" letter permitting you to file a complaint in federal court. Federal courts may award you remedies if discrimination is found to have occurred, including back pay, front pay, and compensatory and punitive damages. The EEOC does not award relief but may take other action including pursuing cases in federal court on behalf of complaining parties.

If you believe you have been discriminated against, file a "charge of discrimination" with the EEOC. The EEOC has an office at 33 Whitehall Street, 5th Floor, New York, NY 10004. You can also contact the EEOC by phone (1-800-669-4000  ) or email (info@eeoc.gov). The EEOC's website is www.eeoc.gov.

**New York State Division of Human Rights (NYSDHR)**

The New York State Human Rights Law (NYSHRL) prohibits sexual harassment against employees, interns (paid or unpaid), and "non-employees," a category that includes contractors, subcontractors, vendors, consultants, and any other person who provides services under a contract. You can file a sexual harassment complaint under the NYSHRL with the NYSDHR or in New York State court.

Complaints with the NYSDHR may be filed within one year of the sexual harassment. If you did not file at the NYSDHR, you can sue directly in state court under the NYSHRL within three years of the alleged harassment.

You may not file with the NYSDHR if you have already filed a NYSHRL complaint in state court. If you filed an administrative complaint with the NYSDHR, the NYSDHR will file the complaint with the EEOC to preserve the right to proceed in federal court.

Complaining internally to the Company does not extend your time to file with the NYSDHR or in state court. The one year or three years is counted from the date of the most recent sexual harassment incident.

You do not need an attorney to file a complaint with the NYSDHR and there is no cost to file a complaint.

The NYSDHR will investigate your complaint and determine whether there is probable cause to believe that discrimination has occurred. Probable cause cases are sent to a public hearing before an administrative law judge. If discrimination is found after a hearing, the NYSDHR has the power to award relief. Under the NYSHRL, courts may award back pay, front pay, compensatory damages, a civil monetary penalty, and attorney's fees.

The NYSDHR's main office is at One Fordham Plaza, Fourth Floor, Bronx, NY 10458. You can also contact the NYSDHR by phone (1-888-392-3644 ) or email (info@dhr.ny.gov). The NYSDHR's website is dhr.ny.gov/complaint. The website has a complaint form that can be downloaded, filled out, notarized, and mailed to the NYSDHR. The website also contains contact information for the NYSDHR's regional offices.

### New York City Commission on Human Rights (NYCCHR)

The New York City Human Rights Law (NYCHRL) prohibits sexual harassment against employees in New York City. You can file a complaint of sexual harassment under the NYCHRL with the New York City Commission on Human Rights (NYCCHR) or in New York State court. You must file your complaint with the NYCCHR or in state court within three years of the alleged harassment. Under the NYCHRL, courts may award back pay, front pay, compensatory and punitive damages, and attorney's fees, expert fees, and costs.

The NYCCHR's main office is at 40 Rector Street, 10th Floor, New York, NY 10006.

Contact the NYCCHR by phone (718-722-3131   ), or by website: www.nyc.gov/html/cchr/html/home/home.shtml.

**Other Localities**

Other localities may have their own laws protecting individuals from sexual harassment. Contact the county, city, or town in which you live to find out if such a law exists. If the harassment involves unwanted physical touching, coerced physical confinement, or coerced sex acts, the conduct may constitute a crime. Contact the local police department.

**Complaint Form for Reporting Sexual Harassment**

**Porous Materials Inc**

New York State Labor Law requires all employers to adopt a sexual harassment prevention policy that includes a complaint form for employees to report alleged incidents of sexual harassment.

If you believe that you have been subjected to sexual harassment, you are encouraged to complete this form and submit it to Dr. Gupta or via electronic mail at: EEOComplaints@pmiapp.com.  Any complaint of discrimination sent to that email address will be received and reviewed by our legal counsel to determine, what, if any, appropriate steps need to be taken.  You will not be retaliated against for filing a complaint.

If you are more comfortable reporting verbally or in another manner, your employer should complete this form, provide you with a copy, and follow its sexual harassment prevention policy by investigating the claims as outlined at the end of this form.

**Complainant Information**

Name:

Work Address:

Work Phone:

Job Title:

Email:

Select Preferred Communication Method: (Email, Phone, In person)

**Supervisor Information**

Immediate Supervisor's Name:

Title:

Work Phone:

Work Address:

**Complaint Information**

1.

Your complaint of sexual harassment is made against:

Name:

Title:

Work Address:

Work Phone:

Relationship to you: (supervisor; subordinate; co-worker; other)

2.

Please describe the conduct or incident(s) that is the basis of this complaint and your reasons for concluding that the conduct is sexual harassment. Please use additional sheets of paper if necessary and attach any relevant documents or evidence.

3.

Date(s) sexual harassment occurred:

Is the sexual harassment continuing? (Yes/No)

4.

Please list the name and contact information of any witnesses or individuals that may have information related to your complaint:

*The last question is optional, but may help facilitate the investigation.*

5. Have you previously complained or provided information (verbal or written) about sexual harassment at Porous Materials Inc? If yes, when and to whom did you complain or provide information?

If you have retained legal counsel and would like us to work with them, please provide their contact information.

Signature:

Date:

## Exhibit C

Dear Employee,

As you know, Porous Materials, Inc. ("PMI") is an Equal Opportunity Employer. Additionally, PMI prohibits discrimination and harassment in the workplace of any kind. PMI is committed to maintaining a respectful work environment and providing employees with a work environment that is free of discrimination, harassment, and retaliation. PMI will not tolerate any form whatsoever of discrimination, hostile work environment, retaliation, or harassment.

To that end, please see the attached Anti- Discrimination and Anti-Harassment Policy (the "Policy"). This Policy affirms PMI's prohibition against discrimination, harassment, and retaliation, and describes the procedures for what to do if you experience or witness any act of discrimination, harassment, or retaliation.

If you have any questions or concerns, please contact me or our human resources coordinator, Jessica Del Rio, Senior Administrative Assistant/HR Assistant.

Sincerely,


Dr. Krishna Gupta

## Exhibit D

## PERSONAL GUARANTY

The undersigned, KRISHNA GUPTA, ("Guarantor"), the owner of Porous Materials, Inc. ("PMI"), in consideration of the settlement of the claims alleged by the Equal Employment Opportunity Commission ("EEOC") in *EEOC v Porous Materials, Inc.*, Civil Action No. 3:18-cv-1099 (DNH/TWD) in the United States District Court for the Northern District of New York,, does hereby unconditionally guarantee PMI's payment of monetary relief as detailed in the Consent Decree that resolves that civil action. That monetary relief includes payments to claimants totaling $93,000, with $30,000 paid by April 15, 2020, 8 monthly payments of $6,000 each by the 15th of each subsequent month (May 15, 2020; June 15, 2020; July 15, 2020; August 15, 2020; September 15, 2020; October 15, 2020; November 15, 2020; and December 15, 2020), and then 3 monthly payments of $5,000 by the 15th of each subsequent month (January 15, 2021; February 15, 2021; March 15, 2021).

Guarantor acknowledges, represents, and warrants that PMI's agreement to the Consent Decree with Guarantor's guaranty of payment is in the best interest of Guarantor, and that the EEOC's agreement to the Consent Decree with the guaranty of payment by Guarantor constitutes good and sufficient consideration for such Guaranty by Guarantor.

It is recognized and agreed that this Guaranty is a substantial part of the consideration for the signing of the Consent Decree by EEOC and that, without the agreement of Guarantor to execute this Guaranty, EEOC: (1) would not agree to any deferred payment under the Consent Decree; and (2) would demand a larger total payment.

In the event that PMI for any reason whatsoever, including bankruptcy, reorganization, or dissolution, does not pay or cause to be paid any of the payments due under Paragraphs 38-45 of the Consent Decree, or any part thereof, by the date said payment is scheduled to made, Guarantor agrees to pay all amounts then due and owing under Paragraphs 38-45 of the Consent Decree, without further act or deed by any person, and without further notice to or order of the Court. Any bankruptcy, reorganization, or dissolution of PMI or any successor, assign, or other entity, shall have no effect on the obligation of Guarantor to make all payments due and owing under this Guaranty.

Guarantor also agrees that EEOC is not required to first enforce against PMI (or any successor, assign, or other entity) any liability, obligation or duty guaranteed by this Guaranty before seeking enforcement thereof against Guarantor. Guarantor acknowledges that this is a guarantee of payment and not a guaranty of collection.

Guarantor acknowledges and agrees that an action may be brought and maintained against Guarantor by EEOC to enforce any liability, obligation, or duty guaranteed by this Guaranty without joining PMI or any other person or entity in such action. Guarantor agrees to pay all costs and fees reasonably and necessarily incurred by EEOC in enforcing the Guaranty.

Guarantor hereby consents to the jurisdiction of the United States District Court for the Northern District of New York under the Consent Decree for the purpose of enforcing this Guaranty, or resolving any dispute arising hereunder.

EXECUTED to be effective as of this 28th day of February, 2020.

GUARANTOR:

By signing this document, I enter into this Guaranty and declare under the penalty of perjury that I am authorized to enter into this Guaranty.

NAME (printed): Krishna Gupta

SIGNATURE: 

TITLE: Owner / CEO

ADDRESS: 20 Dutchmill road
Ithaca, NY, 14850

PHONE: (607) 257-5544

# Exhibit E

## Schedule of Payments to Claimants

| Date | Recipient | Amount | W2 or 1099 |
|---|---|---|---|
| April 15, 2020 | Jessica Howard | $15,000 | 1099 |
| April 15, 2020 | Courtney Lane | $9,000 | 1099 |
| April 15, 2020 | Staci Nickerson | $3,000 | 1099 |
| April 15, 2020 | Jazmin Logrono | $3,000 | 1099 |
|  |  |  |  |
| May 15, 2020 | Jessica Howard | $6,000 | 1099 |
|  |  |  |  |
| June 15, 2020 | Courtney Lane | $6,000 | 1099 |
|  |  |  |  |
| July 15, 2020 | Staci Nickerson | $6,000 | 1099 |
|  |  |  |  |
| August 15, 2020 | Dorene Hornbrook | $3,000 | 1099 |
| August 15, 2020 | Shontay Butler | $3,000 | 1099 |
|  |  |  |  |
| September 15, 2020 | Courtney Lane | $3,000 | 1099 |
| September 15, 2020 | Jazmin Logrono | $3,000 | 1099 |
|  |  |  |  |
| October 15, 2020 | Jessica Howard | $6,000 | 1099 |
|  |  |  |  |
| November 15, 2020 | Jessica Howard | $6,000 | 1099 |
|  |  |  |  |
| December 15, 2020 | Jessica Howard | $6,000 | W2 |
|  |  |  |  |
| January 15, 2021 | Courtney Lane | $5,000 | 1099 |
|  |  |  |  |
| February 15, 2021 | Staci Nickerson | $5,000 | 1099 |
|  |  |  |  |
| March 15, 2021 | Courtney Lane | $5,000 | 1099 |
|  |  |  |  |